# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY L. PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:02-CV-3113-JHH-RRA |
| | ) | |
| SHERIFF MIKE WELLS, CHIEF DEPUTY DENNIS MILLER, DEPUTY OZELLE BROWN, LIEUTENANT PAT WILLIAMS, and DEPUTY TRACY CROWNOVER, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION

Plaintiff Johnny L. Payne is an inmate in the Alabama penal system presently incarcerated at the Jackson County Jail, who filed this pro se action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he has been deprived of rights, privileges, or immunities afforded him under the Constitution or laws of the United States of America and names as defendants, Sheriff Mike Wells, Chief Deputy Dennis Miller[1], Deputy Ozelle Brown, Lt. Pat Williams,[2] and Lt. Tracy Crownover. Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. As compensation for the alleged constitutional violations, plaintiff seeks compensatory and punitive damages.

---

[1]  Defendant Dennis Miller was incorrectly identified as Dennis Millers.

[2]  This defendant was identified by plaintiff as "Lt. Jailer Pat Monza" in his original complaint. By affidavit Lt. Pat Williams states that her name was Pat Munza. The defendant's correct name, Pat Williams, will be used in this order.

In response to the court's order for special report, defendants filed a special report accompanied by the affidavits of Pat Williams, Kevin Miller, Tracy Crownover, Mike Wells, and Dennis Miller, along with copies of applicable portions of plaintiff's inmate file, pictures of the Jackson County Jail, and letters written by the plaintiff to Orzelle Brown.

By order of the court, the parties were advised that the defendants' special report would be treated as a motion for summary judgment. Plaintiff was advised that he must comply with Rule 56 of the *Federal Rules of Civil Procedure* in responding to the motion for summary judgment. Plaintiff has not, however, responded to the motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Because the special report of the defendants is being considered a motion for summary judgment, the Court must determine whether the moving party, the defendants, are entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Federal Rule of Civil Procedure 56.* In making that assessment, the Court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [citations omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

## DISCUSSION

On July 1, 2002, plaintiff and two other inmates escaped from the Jackson County Jail. (Doc.#15 Exh F) Lt. Tracy Crownover was on duty at the time and received a call from the Scottsboro police with information about the inmates. All three were ultimately recaptured and returned to the jail. When Officer Kevin Miller arrived back at the jail with plaintiff in the patrol car, Lt. Crownover opened the door and instructed plaintiff to get out of the car. Plaintiff was cursing the police in general and began cursing Crownover in particular. Crownover reached in the car and pulled plaintiff out. As the officer was leading plaintiff towards the door, plaintiff attempted to twist out of the officer's grasp. In an attempt to prevent another escape, Lt. Crownover held plaintiff against the door until Lt. Williams opened the sallyport door. (*Id.*) The plaintiff was then taken directly to a holding cell. The holding cell is approximately 12' by 15' and contains only two

metal benches, a toilet, and a partition separating the toilet from the remainder of the cell.(*Id.*) Plaintiff was repeatedly instructed to face the bench and kneel so the handcuffs could be removed. Plaintiff refused to comply and continued cursing and threatening Crownover. In an attempt to obtain compliance, Lt. Crownover tried to pull plaintiff backwards over his leg and to the ground. This was a method for controlling an unruly subject that Crownover learned in a jail management course. (*Id.*) Plaintiff continued to resist, Crownover lost his balance, and both men fell. In the fall, plaintiff hit the ground and Crownover fell on top of him. Lt. Crownover called Lt. Williams to come assist and with her help they were eventually able to remove the handcuffs from plaintiff and leave the cell. (*Id.*)

Plaintiff complains that Officer Tracy Crownover used unnecessary force while removing him from the police car, taking him into the booking room, and placing him in a cell at the Jackson County Jail. Plaintiff claims that he was maced in the face, slammed into a brick wall, and pushed into a steel bench. According to the plaintiff he suffered three broken teeth, and a bad cut on his chin. (Doc.#1)

In their affidavits, the defendants respond in detail to the merits of the plaintiff's claims. (Doc.#15) Additionally, the defendants state that the plaintiff never filed a request for medical treatment or a grievance concerning the incident about which he now files this lawsuit.[3] (Doc.#15 Exh.D & K) The defendants explain that the Jackson County Jail has both a medical grievance procedure and a grievance procedure for non medical issues. Inmates are given an inmate handbook and made aware of the grievance procedures when they are initially incarcerated. Grievance forms

---

[3] The defendants have attached copies of two letters plaintiff wrote to Mr. Orzelle Brown apologizing for the trouble he cause him and his staff. (Doc.#15 Exhs.M & N)

are readily available in the jail and given to inmates when requested. In an emergency, a grievance may be made orally. The Chief Jailer responds to grievances initially and an appeal may be taken to the Sheriff if the inmate is dissatisfied with the response.(*Id.*) The defendants maintain that this case is due to be dismissed because plaintiff failed to exhaust his administrative remedies regarding his claims that the defendants used excessive force or failed to provide him adequate medical treatment prior to filing this lawsuit, as required by 42 U.S.C. § 1997e(a).

### *Exhaustion of Administrative Remedies*

The issue of exhaustion must be addressed prior to a review of the defendants' motion for summary judgment on the merits. In 1996, Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) (PLRA) in an attempt to control the flood of prisoner lawsuits. Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

It is clear that plaintiff's complaint that Lt. Crownover used excessive force and inflicted serious injuries on him, is a complaint about the conditions under which he was confined in the Jackson County Jail. It is also clear that the Jackson County Jail has an inmate grievance policy through which inmates may present such claims to jail administrators for resolution. Plaintiff does not dispute the defendants' statement that he failed to file a grievance about the substance of this complaint.

In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit Court of Appeals discussed the amendment of 42 U.S.C. § 1997e(a) by the PLRA, concluding that "Congress now has

mandated exhaustion" and that "exhaustion is now a pre-condition to suit [by prisoners]." 159 F.3d at 1325-26. The Court of Appeals for the Eleventh Circuit has also made it very clear that a district court may not waive this exhaustion requirement. *Id.* at 1326. The court specifically held that "the judicially recognized futility and inadequacy exceptions [that had existed under former § 1997e(a)] do not survive the new mandatory exhaustion requirement of the PLRA." *Id*. at 1325.

In *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 LED.2d 958 (2001), the Supreme Court, interpreting the intent of Congress, concluded that exhaustion of administrative remedies is now mandatory even if the procedures to do so do not meet certain "minimum acceptable standards" of fairness and effectiveness, and courts cannot excuse exhaustion even when it would be "appropriate and in the interests of justice." *Id.* at 740 n.5. Furthermore, "the PARA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 LED.2d 12, (2002)

Inasmuch as it is undisputed that plaintiff failed to utilize the Jackson County Jail's inmate grievance policy to resolve his complaints regarding the conditions under which he was confined, as required by 42 U.S.C. § 1997e(a), this action is due to be dismissed without prejudice. An appropriate order will be entered.

**DONE** this the ___21st___ day of March, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE